■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT CONTINI, Appellant. [727 NYS2d 391] —Judgment, Supreme Court, New York County (Renee White, J.), rendered July 5, 2000, convicting defendant, upon his plea of guilty, of grand larceny in the second degree, and sentencing him to a term of 1 year, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

The hearing court properly denied defendant's suppression motion. No basis exists upon which to disturb the court's credibility determinations, which are supported by the record. The record supports the court's finding that defendant was not in custody when he made incriminating statements without the benefit of *Miranda* warnings (*see, People v Yukl*, 25 NY2d 585,

*cert denied* 400 US 851). Defendant was a police officer who failed a drug test and was being escorted by three Internal Affairs Bureau (IAB) superior officers to the Health Services Division for the purpose of carrying out suspension procedures when he was offered an opportunity to improve his situation by supplying information about police misconduct to the IAB. The record clearly establishes that defendant voluntarily agreed to be interviewed in this regard at an IAB office, for his own benefit, and that a reasonable person in defendant's position would not have considered himself to be in custody.

Testimony suggesting that the IAB officers may not have considered defendant "free to leave" does not warrant a different result. "[T]he subjective intention of the [IAB officers] in this case to detain [defendant], had [h]e attempted to leave, is irrelevant except insofar as that may have been conveyed to [defendant]." (*United States v Mendenhall*, 446 US 544, 554 n 6.) In any event, this testimony established, at most, that defendant may have been obligated to complete the suspension process at Health Services, as opposed to being obligated to remain at the IAB office.

The record fails to support defendant's claims that he invoked his right to remain silent. While there were two instances where defendant indicated that he did not wish to cooperate because he was not being offered sufficient consideration and that he therefore wanted to go to Health Services, in each instance a still higher-ranking IAB supervisor (with more apparent power to benefit defendant) was brought into the picture, whereupon defendant voluntarily changed his mind and agreed to proceed with the interview.

We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Mazzarelli, Wallach, Lerner and Friedman, JJ.